

# In the United States Court of Appeals for the Fifth Circuit

Kevin Frymier,
*Plaintiff-Appellant*,
*v.*
Diane Curvey, et. al.
*Defendants-Appellees.*

On Appeal from the United States District Court
for the Southern District of Texas,
Austin Division

## BRIEF OF APPELLANT

Kevin Frymier
17302 Brookhollow Mist Ct,
Houston, TX 77084
281-797-8437
madkevin@yahoo.com

# CERTIFICATE OF INTERESTED PERSONS

Appellant certifies that the following listed persons and entities as described in the fourth sentence of Rule 28.2.1 have an interest in the outcome of this case. These representations are made in order that the judges of this Court may evaluate possible disqualification or recusal:

1) **Plaintiffs-Appellant:**

   Kevin Frymier

2) **Defendants-Appellee:**

   Diane Curvey

3) **Counsel for Plaintiffs-Appellant:**

   Pro Se

4) **Counsel for Defendant-Appellee Diane Curvey:**

   Office of the Texas Attorney General

/s/ *Kevin Frymier*
**Kevin Frymier, Pro Se**

## **STATEMENT REGARDING ORAL ARGUMENT**

Defendant-Appellee Kevin Frymier requests oral argument as he believes it could significantly aid the decisional process in this case.

# TABLE OF CONTENTS

CERTIFICATE OF INTERESTED PERSONS .................................................................... 2

STATEMENT REGARDING ORAL ARGUMENT ............................................................. 3

TABLE OF CONTENTS ............................................................................................... 4

TABLE OF AUTHORITIES ........................................................................................... 5

JURISDICTIONAL STATEMENT .................................................................................. 7

ISSUES PRESENTED .................................................................................................. 8

STATEMENT OF THE CASE ....................................................................................... 10

SUMMARY OF THE ARGUMENT ............................................................................... 11

ARGUMENTS............................................................................................................14

    I.   STANDARD OF REVIEW..................…………………………………………… 13

    II.  MOTION TO DISMISS STANDARD ................................................................. 13

CONCLUSION .......................................................................................................... 22

CERTIFICATE OF SERVICE ....................................................................................... 22

CERTIFICATE OF COMPLIANCE ............................................................................... 23

# TABLE OF AUTHORITIES

**Cases**

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ............................................................12

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)......................... 7, 12, 13

*Carpenters Local v. Pratt-Farnsworth,* 5 Cir.1982, 690 F.2d 489, 500 (Randall, J.), *cert. denied,* 1983, 104 S.Ct. 335, 78 L.Ed.2d 305 .......................................................................................................................11, 20

*Conley v. Gibson*, 355 US 41 - 1957................................................................ 10, 20

*Dioguardi v. Durning*, 139 F.2d 774 (1944) .................................................... 10, 20

*Foman v. Davis*, 371 U.S. 178, 182 (1962) ..................................................... 7, 17, 19

*Forrester v. White*, 484 U.S. 219, 227 (1988) .................................................. 7, 15

*Gentilello v. Rege*, 623 F.3d 540, 544 (5th Cir. 2010) ............................................12

*Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.,* 313 F.3d 305, 329 (5th Cir. 2002) ................................................... 8, 17, 19

*Greene v. Greenwood Pub. Sch. Dist.*, 890 F.3d 240, 242 (5th Cir. 2018) ...........................................................................................................12

*Lormand v. US Unwired, Inc.*, 565 F.3d 228, 244 (5th Cir. 2009)...........................12

*Marbury v. Madison*, 5 U.S. (1 Cranch) 137, 163 (1803); accord *R.R. Co. v. Tennessee*, 101 U.S. 337, 339 (1879) ................................................16

*Nixon v. Warner Communications, Inc.,* 435 U.S. 589, 597-99 (1978) .................................................................................................... 8, 19, 20

*Papasan v. Allain*, 478 U.S. 265, 286 (1986) .........................................................12

*Pearson v. Callahan*, 555 U.S. 223, 231 (2009)....................................................16

5

*Press-Enterprise Co. v. Superior Court,* 464 U.S. 501, 510 (1984).......................14

*Ralph Partridge v. Two Unknown Police Officers,* 751 F.2d 1448
(1985) ........................................................................................................11, 20

*Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978) ............................................ 7, 15

*Tuchman v. DSC Comm. Corp.*, 14 F.3d 1061, 1067 (5th Cir. 1994) .....................12

*Twombly*, 550 U.S. at 570; *Iqbal*, 556 U.S. at 678 ..................................................12

*Wilson v. Layne,* 526 U.S. 603, 612 (1999) ............................................................14

**Statutes**

*42 U.S.C. § 1983* ....................................................................................................18

Chapter 54 of the Texas Family Code.....................................................................14

**Rules**

FED. R. CIV. P. 12(c)................................................................................................10

FED. R. CIV. P. 8(f) ............................................................................................ 10, 20

**Constitutional Provisions**

1st Amendment ................................................................................................. 14, 18

6th Amendment .......................................................................................................14

## <u>JURISDICTIONAL STATEMENT</u>

This Court has jurisdiction over this appeal pursuant to 28 U.S.C. § 1292 because it is an appeal of an order that denied Kevin Frymier's Petition and granted Defendant's Motion to Dismiss. Kevin Frymier timely appealed by filing his Notice of Appeal within 30 days of the District Court's order of September 17, 2024.

# ISSUES PRESENTED

The Trial Judge dismissed with prejudice Plaintiff Kevin Frymier's Petition.

1.      Issue:  Courts must accept well-pleaded factual allegations as true when considering a motion to dismiss. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  The issue before this Court is whether the dismissal was improper as the complaint provided sufficient facts to state a plausible claim for relief.

2.      Whether there was procedural error as the Trial Court dismissed concerns about required identification for courtroom access without addressing whether such practices violated the right to open courts (Transcript: Page 9, Lines 12-15).

3.      Whether the Trial Court wrongfully dismissed claims against Judge Curvey solely on judicial immunity grounds without addressing whether her actions were ministerial or administrative (Transcript: Page 5, Lines 11-14)  *Forrester v. White*, 484 U.S. 219, 227 (1988): Administrative or ministerial actions, even by judges, are not protected by judicial immunity. *Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978): Judicial immunity applies only to acts within jurisdiction and judicial capacity.

4.      Whether the Court dismissed the case with prejudice in error, precluding the Plaintiff from amending his pleadings (Transcript: Page 8, Line 14); *Foman v. Davis*, 371 U.S. 178, 182 (1962): Courts should freely grant leave to

amend unless it is clear that amendment would be futile. *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.,* 313 F.3d 305, 329 (5th Cir. 2002): Dismissal with prejudice is disfavored unless the plaintiff cannot state a claim under any circumstances.

5.      Whether the actions of the trial judge were an abuse of discretion dismissing the Plaintiff's Petition. *Nixon v. Warner Communications, Inc.,* 435 U.S. 589, 597-99 (1978); Restrictions on public access to court proceedings must balance transparency and governmental interests.

## STATEMENT OF THE CASE

On Jan 22, 2024, Plaintiff attended a hearing in the 280th District Court, located at 1200 Congress, 1st Floor, Houston, TX, 77002. The presiding judge in the 280th District Court was Dianne Curvey.  Defendant Dianne Curvey claimed that her Court is a private court, only lawyers are allowed to stay.  Dianne Curvey compelled Plaintiff to disclose his personal identity and information. Kevin Frymier was forcibly kicked out of the courtroom and denied access.  This lawsuit was filed as a violation of his constitutional rights.

# SUMMARY OF THE ARGUMENT

Plaintiff filed a Petition that thoroughly covered the facts supporting a claim upon which relief may be granted. FED. R. CIV. P. 12(c). Plaintiffs have pled sufficient factual matter. Upon learning of this information, Plaintiff did file an unopposed motion for leave to add the necessary party of CitiMortgage (Docket No. 7) to amend the petition and add in CitiMortgage as a necessary party. The parties were properly served through the US Marshall and per the Court of the Court as Plaintiff is indigent.

The Plaintiff has provided enough factual evidence to support the relief requested. Sufficient factual basis has been pled by the Plaintiff. A judgment on the pleadings is not proper if the plaintiff can or it appears as though they can, beyond doubt, that the set of facts in the pleading support the claim. *Conley v. Gibson*, 355 US 41 - 1957. Rules do not require a claimant to set out in detail the facts upon which he bases his claim…only a short and plain statement of the claim. So long as gives defendant fair notice of what the claim is and grounds upon it rests. FRCP 8(f) All pleading shall be so construed as to do substantial justice. *Id*. Under new rules, there is no pleading requirement of stating facts sufficient to constitute a cause of action but rather only a short and plain statement. *Dioguardi v. Durning*, 139 F.2d 774 (1944). Plaintiffs have provided this sufficiency of facts in their Original Petition. The Court must accept all well pleaded facts as true and view them in the

light most favorable to plaintiff. The only way that Defendant's Motion for Judgment can be upheld is if it appears beyond doubt that plaintiff can prove no set of facts in support of claim. *Ralph Partridge v. Two Unknown Police Officers,* 751 F.2d 1448 (1985). *Carpenters Local v. Pratt-Farnsworth,* 5 Cir.1982, 690 F.2d 489, 500 (Randall, J.), *cert. denied,* 1983, 104 S.Ct. 335, 78 L.Ed.2d 305.

# I.   STANDARD OF REVIEW

A denial of a motion to dismiss is subject to *de novo* review.

# II.   MOTION TO DISMISS STANDARD

A plaintiff must plead sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  A plaintiff's obligation in response to a motion to dismiss is to provide the grounds for his entitlement to relief which requires more than labels and conclusions; a formulaic recitation of the elements of a cause of action will not suffice. *Twombly*, 550 U.S. at 570; *Iqbal*, 556 U.S. at 678.  A court is not bound to accept legal conclusions couched as factual allegations. *Papasan v. Allain*, 478 U.S. 265, 286 (1986); *Gentilello v. Rege*, 623 F.3d 540, 544 (5th Cir. 2010).  It need only accept as true the "well-pleaded" facts in a plaintiff's complaint. *Papasan*, 478 U.S. at 283; *Greene v. Greenwood Pub. Sch. Dist.*, 890 F.3d 240, 242 (5th Cir. 2018).  Plaintiff Kevin Frymier's petition is "well pleaded," and his complaint does state specific facts to support the claim, and is not merely conclusions couched as factual allegations. *Iqbal*, 556 U.S. at 679; *Tuchman v. DSC Comm. Corp.*, 14 F.3d 1061, 1067 (5th Cir. 1994); *Lormand v. US Unwired, Inc.*, 565 F.3d 228, 244 (5th Cir. 2009).

# ARUGMENTS

1. **Issue #1**:  Courts must accept well-pleaded factual allegations as true when considering a motion to dismiss. *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007).  The issue before the court is whether the dismissal was improper as the complaint provided sufficient facts to state a plausible claim for relief.

This was based off the transcript for the bs telephone conference in which the judge sign dismissed with prejudice 662, 678 (2009).  Courts must accept well-pleaded factual allegations as true when considering a motion to dismiss. *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007).  Dismissals are improper if the complaint provides sufficient facts to state a plausible claim for relief.

2. **Issue #2**: Whether there was procedural error as the Trial Court dismissed concerns about required identification for courtroom access without addressing whether such practices violated the right to open courts (Transcript: Page 9, Lines 12-15).

    **Procedural Error**:  The court dismissed concerns about required identification for courtroom access without addressing whether such practices violated the right to open courts. (Transcript: Page 9, Lines 12-15).

    **Transcript Details:**

    **Page 9, Line 13:**
    Plaintiff stated:
    "I was there at 8:55 and they're requiring my name to get into the courtroom."

**Page 9, Line 15:**
> The judge dismissed this objection:
> > "This happened many times before."

**- <u>Relevant Case Law</u>:**

Public access is presumptively guaranteed, and restrictions require specific findings. *Press-Enterprise Co. v. Superior Court,* 464 U.S. 501, 510 (1984)

Public spaces must remain accessible unless restrictions are narrowly tailored to legitimate governmental interests. *Wilson v. Layne,* 526 U.S. 603, 612 (1999)

1.      The Office of Court Administration, Texas, has a clearly established "PUBLIC RIGHT TO ACCESS" policy[1], as seen in EXHIBIT 1, states:

The 6th Amendment of the Constitution of the United States affords defendants the right to a public trial, including all phases of criminal cases. Texas extends that right through the 14th Amendment to juvenile justice cases brought under Chapter 54 of the Texas Family Code. The Supreme Court has also held that the press and public have a similar, independent right under the 1st Amendment to attend all criminal proceedings in both federal and state courts. Although the Supreme Court has never specifically held that the public has a First Amendment right of access to civil proceedings, federal and state courts that have considered the issue have **overwhelming held** that **there is a public right to access in civil cases under the 1st Amendment**. Courts must **ensure** and accommodate public attendance at court hearings. The constitutional right at issue belongs to the public rather than the parties. Lack of access to a single hearing (suppression), or **even** a portion of a single hearing (voir dire), is **enough** to mandate reversal and a new trial. The court **should not** close the entirety of a hearing from public view in order to protect a single witness or topic of testimony. [] Appellate courts have **reversed** judgments when a single less-restrictive solution existed but was not considered on the record.   Public exercise of a constitutional right does not change the court's evaluation of whether that right should be protected. Nor should courts erect barriers or hurdles to public attendance at hearings to discourage public exercise of that

right. On the **contrary**, courts are **required** to take whatever steps are reasonably calculated to accommodate public attendance. Closure of courtrooms is constitutionally suspect and risky and should be a **last resort**.

3.    **Issue #3:** Whether the Trial Court wrongfully dismissed claims against Judge Curvey solely on judicial immunity grounds without addressing whether her actions were ministerial or administrative (Transcript: Page 5, Lines 11-14) *Forrester v. White***,** 484 U.S. 219, 227 (1988): Administrative or ministerial actions, even by judges, are not protected by judicial immunity. *Stump v. Sparkman***,** 435 U.S. 349, 356-57 (1978): Judicial immunity applies only to acts within jurisdiction and judicial capacity.

**Overemphasis on Judicial Immunity Without Nuanced Analysis**

**Procedural Error:** The court dismissed claims against Judge Curvey solely on judicial immunity grounds without addressing whether her actions were ministerial or administrative (Transcript: Page 5, Lines 11-14).

**Transcript Details:**

**Page 5, Line 13:**

The judge stated:

"Judicial immunity is quite religiously guarded in this State ... and you can understand why."

**Page 5, Line 14:**

The court ignored plaintiff's argument that Judge Curvey's actions fell outside judicial capacity.

**Relevant Case Law:**

Administrative or ministerial actions, even by judges, are not protected by judicial immunity. *Forrester v. White,* 484 U.S. 219, 227 (1988)

Judicial immunity applies only to acts within jurisdiction and judicial capacity. *Stump v. Sparkman,* 435 U.S. 349, 356-57 (1978)

2.      In *Marbury v. Madison,* the Supreme Court recognized that the law's capacity to provide a remedy for civil rights violations, finding that is the essence of civil liberty. *Marbury v. Madison*, 5 U.S. (1 Cranch) 137, 163 (1803); accord *R.R. Co. v. Tennessee*, 101 U.S. 337, 339 (1879) ("Adjudication is of no value as a remedy unless enforcement follows.").

3.      Qualified immunity protects government officers from damage suits unless their conduct violates "clearly established . . . constitutional rights of which a reasonable person would have known." *Pearson v. Callahan*, 555 U.S. 223, 231 (2009).  Which in this case, Defendant deprived the Plaintiff from his constitutional right of freedom of speech and freedom of the press by precluding him from being present in the courtroom and observing the procedures, hearings and evidence before the court without invoking any rule that would call for my removal from the court.

4.      In order to overcome the qualified immunity defense, a plaintiff must show both that the officer's conduct violated the plaintiff's constitutional rights and that these rights were clearly established at the time of the alleged violation.  *Pearson v. Callahan*, 555 U.S. 223, 231 (2009).  Plaintiff has rights that are guaranteed by

the US Constitution regarding the restrictions of his freedoms, and the Defendant did clearly and objectively violate those rights by removing him from the courtroom claiming that it was a private courtroom, when there was no agreement between the parties making the court case private as is required by the family code.

This is an egregious case in that the statutory requirements for a protective order were not met, there was no evidence of violence nor threat of violence at all, and the Defendant did not have any evidence that the Plaintiff should have been kicked out of the courtroom without just cause and threatened with criminal resolutions by having the Harris County Sherriff's deputies act against Plaintiff.

**4.** <u>**Issue #4.**</u> Whether the Court dismissed the case with prejudice in error, precluding the Plaintiff from amending his pleadings (Transcript: Page 8, Line 14); *Foman v. Davis*, 371 U.S. 178, 182 (1962): Courts should freely grant leave to amend unless it is clear that amendment would be futile. *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.,* 313 F.3d 305, 329 (5th Cir. 2002): Dismissal with prejudice is disfavored unless the plaintiff cannot state a claim under any circumstances.

**Dismissal With Prejudice Without Proper Justification**

5. Plaintiff alleges that the Defendant Dianne Curvey abused her ministerial powers by removing Plaintiff from the court under the threat of arrest on January 22, 2024. Plaintiff further alleges that Defendant Dianne Curvey clearly and obviously violated policies established by the Office of Court Administration, as well as well-known federal and state precedents. Plaintiff contends that these actions

by Defendant Dianne Curvey were ultra vires in her official capacity, deprived him of his "public access" rights under the First Amendment and further constituted First Amendment retaliation, both in her official and individual capacities.

6.      Plaintiff alleges that Texas judges have been engaging in the arbitrary and capricious practice of blocking public access to the state's courts, particularly the family courts, as part of their regular operations.  Plaintiff alleges that this practice will not be terminated until this Court grants Plaintiff's relief.

7.      Plaintiff contends that these actions by Defendant Dianne Curvey were ultra vires in her official capacity, deprived him of his "open court" rights under the Texas constitution, Article One.

8.      Plaintiff seeks a permanent injunction and declaratory judgment as prospective relief against Defendant Dianne Curvey in her official capacity under *42 U.S.C. § 1983*.

9.      Alternately and additionally, Plaintiff seeks a monetary relief against Defendant Dianne Curvey in her individual capacity under *42 U.S.C. § 1983*.

10.     Plaintiff alleges that the direct injury resulting from Defendant Dianne Curvey's acts was the irreparable harm suffered due to the loss of the public right of access to the court during the hearing period, which took place in the 280th Court of Texas on January 22, 2024. This resulted in a chilling effect on free speech.

11.     Plaintiff alleges that, the direct injury from Defendant Dianne Curvey's

acts is that Plaintiff suffered mental anguish after being threatened.

12.      Plaintiff alleges that, he suffered an intangible injury due to the anxiety introduced by Defendant Dianne Curvey's ultra vires acts.

- **<u>Procedural Error</u>:** The court dismissed the case with prejudice, precluding Plaintiff from amending his pleadings (Transcript: Page 8, Line 14).

      **Transcript Details:**

      **Page 8, Line 14:** The court stated:

          "This case is dismissed with prejudice," without discussing whether deficiencies could be remedied through amendment.

**<u>Relevant Case Law</u>:**

Courts should freely grant leave to amend unless it is clear that amendment would be futile. *Foman v. Davis*, 371 U.S. 178, 182 (1962)

Dismissal with prejudice is disfavored unless the plaintiff cannot state a claim under any circumstances. *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 329 (5th Cir. 2002)

**5. <u>Issue #5</u>:** Whether the actions of the trial judge were an abuse of discretion dismissing the Plaintiff's Petition. *Nixon v. Warner Communications, Inc.,* 435 U.S. 589, 597-99 (1978); Restrictions on public access to court proceedings must balance transparency and governmental interests.

- **<u>Abuse</u>:** The court enforced identification requirements and denied public access without providing compelling reasons (Transcript: Page 9, Lines 12-15).

**Relevant Case Law**:

Restrictions on public access to court proceed. *Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 597-99 (1978)

A judgment on the pleadings is not proper if the plaintiff can or it appears as though they can, beyond doubt, that the set of facts in the pleading support the claim. *Conley v. Gibson*, 355 US 41 - 1957. Rules do not require a claimant to set out in detail the facts upon which he bases his claim...only a short and plain statement of the claim. So, long as gives defendant fair notice of what the claim is and grounds upon it rests. FRCP 8(f) All pleading shall be so construed as to do substantial justice. *Id*. Under new rules, there is no pleading requirement of stating facts sufficient to constitute a cause of action but rather only a short and plain statement. *Dioguardi v. Durning*, 139 F.2d 774 (1944). Plaintiffs have provided this sufficiency of facts in their Original Petition. The Court must accept all well pleaded facts as true and view them in the light most favorable to plaintiff. The only way that Defendant's Motion for Judgment can be upheld is if it appears beyond doubt that plaintiff can prove no set of facts in support of claim. *Ralph Partridge v. Two Unknown Police Officers,* 751 F.2d 1448 (1985); *Carpenters Local v. Pratt-Farnsworth,* 5 Cir.1982, 690 F.2d 489, 500 (Randall, J.), *cert. denied,* 1983, 104 S. Ct. 335, 78 L.Ed.2d 305.

Defendant's Motion to Dismiss should be denied and if the Court deems it just and proper, that Plaintiff Kevin Frymier be allowed to amend his petition within a time period set forth by this Court and to give extra time due to Beryl and the current Texas Supreme Court disaster order.

## CONCLUSION

This Court should reverse the dismissal of the Plaintiff Kevin Frymier's Second Amended Complaint and remand the case for further proceedings.

Respectfully submitted,

/s/ Kevin Frymier
**Kevin Frymier, Pro Se**
17302 Brookhollow Mist Ct,
Houston, TX 77084
281-797-8437
Madkevin@yahoo.com

Dated: March 3, 2025

## CERTIFICATE OF SERVICE

This is to certify that the foregoing instrument has been served via the Court's ECF filing system in compliance with Rule 25(b) and (c) of the Federal Rules of Appellate Procedure, on March 3, 2025, on all registered counsel of record, and has been transmitted to the Clerk of the Court.

/s/ Kevin Frymier
**Kevin Frymier, Pro Se**

# CERTIFICATE OF COMPLIANCE

     1.    This brief complies with the type-volume limitation of FED. R. APP. P. 32(A)(7)(B) because:

- this brief contains 12,882 words, excluding the parts of the brief exempted by FED. R. APP. P. 32(f).

     2.    This brief also complies with the typeface requirements of FED. R. APP. P. 32(A)(5) and the type requirements of FED. R. APP. P. 32(A)(6) because:

- this brief has been prepared in a proportionally spaced typeface using Microsoft Word 2010 with a 14-point font named Times New Roman.

    /s/ Kevin Frymier
**Kevin Frymier, Pro Se**