Cause No. 24-20455

# In the United States Court of Appeals for the Fifth Circuit

KEVIN FRYMIER, *Plaintiff-Appellant*

v.

DIANNE CURVEY, IN INDIVIDUAL CAPACITY, AND OFFICIAL CAPACITY AS JUDGE; THE STATE OF TEXAS
*Defendants-Appellees.*

On Appeal from the United States District Court for the Southern District of Texas, Houston Division, Cause No. 4:24-cv-1085

### APPELLEES JUDGE DIANNE CURVEY'S AND THE STATE OF TEXAS' MOTION TO DISMISS FRIVOLOUS APPEAL

TO THE HONORABLE JUSTICES OF THE FIFTH COURT OF APPEALS:

Appellees Judge Dianne Curvey ("Judge Curvey") and the State of Texas respectfully show the Court the following reasons it should dismiss this appeal as frivolous.

### I.
### PROCEDURAL HISTORY

Kevin Frymier ("Frymier") sued Judge Curvey and the State of Texas based solely on Judge Curvey's judicial decisions in pending state court proceedings in the 280th District Court in Harris County. ROA 238-9, ¶¶ 2-5. Judge Curvey is the Presiding Judge of the 280th District Court of Harris

County, Texas. ROA 238, ¶ 1. Frymier alleged alleges a violation of the First Amendment to the U.S. Constitution, pursuant to 42 U.S.C. § 1983 and a violation of the Texas Constitution. ROA 241-2.

The district court dismissed this case on September 17, 2024, after a hearing, "for the reasons stated on the record." ROA 266. The reasons identified on the record were 1) lack of standing against the State of Texas because there was no injury traceable to the conduct of the State of Texas [ROA 288, lines 1-5], 2) sovereign immunity, pursuant to the Eleventh Amendment [ROA 288, lines 6-10], and 3) judicial immunity for Judge Curvey. ROA 289. In the district court, Frymier did not dispute the validity of these reasons, either in briefing or during the oral hearing.

On March 3, 2025, Frymier filed his Appellant's Brief. [APPELLANT'S BRIEF]. In his Brief, Frymier abandons review of all appealable issues and does not address any of the reasons for dismissal.

By abandoning all appellate issues in this litigation, Frymier has rendered his appeal frivolous.

## II.
## STANDARD FOR FRIVOLOUS APPEAL

"An appeal is frivolous if the result is obvious or the arguments of error are wholly without merit." *Coghlan v. Starkey*, 852 F.2d 806, 811 (5th Cir. 1988). "That his filings are pro se offers [Frymier] no impenetrable shield,

for one acting pro se has no license to harass others, clog the judicial machinery with meritless litigation, and abuse already overloaded court dockets." *Farguson v. MBank Houston, N.A.*, 808 F.2d 358, 359 (5th Cir. 1986).

With respect to this case, "the appeal is frivolous" when a party "has abandoned the only appellate issue this court has jurisdiction to address." *Montgomery v. Office C/O Pearce*, 79 F.3d 1143 (5th Cir. 1996), citing *Howard v. King,* 707 F.2d 215, 220 (5th Cir.1983). "Although this court liberally construes *pro se* briefs, this court requires arguments to be briefed in order to be preserved." *Montgomery*, 79 F.3d at 1143 (internal citations omitted). Claims not adequately argued in the body of the brief are deemed abandoned on appeal. *Yohey v. Collins,* 985 F.2d 222, 225 (5th Cir.1993).

## III.
## ARGUMENT

The Court should dismiss Frymier's appeal because Frymier has abandoned the only appellate issues properly before this Court by inadequately briefing the issues and arguing about matters unrelated to the reason for dismissal. [APPELLANT'S BRIEF].

"An appellant abandons all issues not raised and argued in its initial brief on appeal.... A party who inadequately briefs an issue is considered to have abandoned the claim." *Cinel v. Connick*, 15 F.3d 1338, 1345 (5th

3

Cir.1994). By failing to raise and argue the following issues in his initial Appellant's Brief, Frymier has abandoned any consideration of review of the following issues.

**A.     Basis for Dismissal – Sovereign Immunity**

The district court dismissed Frymier's claims against the State of Texas and Judge Curvey in her official capacity specifically because they had sovereign immunity from Frymier's claims, pursuant to the Eleventh Amendment. ROA 288, lines 6-10.

If an appellant does not address the decision of the district court on an issue, that issue is abandoned. *See Soadjede v. Ashcroft*, 324 F.3d 830, 833 (5th Cir.2003); *Yohey,* 985 F.2d at 225.

Here, Frymier's brief is wholly silent on this issue. [APPELLANT'S BRIEF]. Further, Frymier does not present any case law or cite to any portion of the record to suggest that **in this case**, the district court was incorrect in its application of the law to the facts presented in dismissing the case. [APPELLANT'S BRIEF].

Indeed, the phrases "sovereign immunity" and "eleventh amendment" do not appear in Frymier's brief at all. [APPELLANT'S BRIEF].

Instead, Frymier argues about qualified immunity, which was not the basis for dismissal of any defendant. [APPELLANT'S BRIEF, pp. 17-18].

**B. Basis for Dismissal – Standing**

Similarly, the district judge dismissed Frymier's claims against the State of Texas because of lack of standing as there was no injury traceable to the conduct of the State of Texas. [ROA 288, lines 1-5]. In his Appellant's Brief, Frymier only connects his alleged injury to the conduct of Judge Curvey, not the State of Texas. [APPELLANT'S BRIEF, pp. 19-20]. By failing to address standing for claims against the State of Texas, Frymier abandoned them on appeal. *See Soadjede*, 324 F.3d at 833; *Yohey,* 985 F.2d at 225.

**C. Basis for Dismissal – Judicial Immunity**

Claims against Judge Curvey were also dismissed because of judicial immunity. ROA 289, lines 11-16. Judge Curvey repeatedly raised this issue in the district court. *See* ROA 85-6, 109-10, 168-9 and 259-261.

**1. This Issue was Unopposed in the District Court**

Frymier did not present any briefing on this issue in the district court. During the hearing, Frymier complained only about Judge Curvey's alleged actions as potential violations of his Constitutional rights. *See* ROA 289, line 24 -ROA 290, line 9; ROA 290, line 24- ROA 291, line 23. At no point did he suggest that Judge Curvey's actions were not judicial acts.

**2. Arguments Cannot be Raised for the First Time on Appeal**

Frymier cannot raise his new argument regarding judicial immunity

for the first time on appeal. *See Leverette v. Louisville Ladder Co.*, 183 F.3d 339, 342 (5th Cir.1999) (stating that "[t]he Court will not allow a party to raise an issue for the first time on appeal merely because a party believes that he might prevail if given the opportunity to try a case again on a different theory"), quoting *Forbush v. J.C.Penney Co.*, 98 F.3d 817, 822 (5th Cir.1996); *see also In re Goff*, 812 F.2d 931, 933 (5th Cir.1987) (same).

### a. Frymier's Argument was Not Raised in the District Court and is Not Supported by the Record

Here, for the first time on appeal, Frymier suggests that Judge Curvey's actions were administrative or ministerial, with no explanation as to how the district should have reached those conclusions. [APPELLANT'S BRIEF, p. 16]. Frymier's current suggestion that "[t]he court ignored plaintiff's argument that Judge Curvey's actions fell outside judicial capacity" [APPELLANT'S BRIEF, p. 16] does not identify anywhere in the record that he made such an argument. The citation he provides "Page 5, Line 14:" [APPELLANT'S BRIEF, p. 16] does not reference any argument of Frymier's on the subject. Instead, it provides only the district judge attempting to explain why Frymier's claim is barred by judicial immunity: "Judge Curvey is a judge, and judicial immunity is quite religiously guarded in this State, as in most States. And you could understand why that is. If a party could sue a judge, every time there is a case tried, whoever lost would sue the judge. That's just not the way it can work."

ROA 289, lines 12 - 16. Because Frymier did not raise any argument in the district court regarding the nature of Judge Curvey's judicial acts or suggesting that they were ministerial or administrative, he may not do so for the first time before this Court.

### b. Frymier's Argument is Inadequately Briefed

Further, Frymier's failure to cite to the record on the issue of whether Judge Curvey's acts were judicial (as opposed to ministerial or administrative) renders his argument inadequately briefed. *See United States v. Rojas*, 812 F.3d 382, 407 n.15 (5th Cir. 2016) (noting that a failure to include record citations to support an argument results in the argument being inadequately briefed); *see also Lushute v. Louisiana*, 479 Fed.Appx. 553, 555 (5th Cir.2012) (when appellant "did not relate the legal discussion to the facts of this case or provide citations to the record to support her assertion of improper motivation...We need not consider inadequately briefed issues"). This means the issue is abandoned. *See Cinel*, 15 F.3d at 1345. As discussed above, the ONLY citation to the record Frymier makes does NOT document any argument regarding the nature of Judge Curvey's actions during the state court hearing or suggesting that there were anything other than discretionary judicial acts. As with the immunities, Frymier's appellate brief does not address this deficiency, abandoning appellate

review. *See Soadjede*, 324 F.3d at 833; *Yohey,* 985 F.2d at 225.

### c. Frymier's Argument is Legally Incorrect

Even if Frymier did not raise this issue for the first time on appeal (and he did), no citations to the record of to legal authority were presented to suggest an administrative or ministerial action by Judge Curvey. However, Judge Curvey DID brief the district court regarding the judicial acts of a state court judge's control of court proceedings during a hearing. ROA 260-1. As a matter of law, exercise of control over court proceedings and the manner in which those proceedings are conducted are functions within Judge Curvey's power. *See* GOV'T CODE § 21.001(a) and (b) ("(a) **A court has all powers necessary for the exercise of its jurisdiction** and the enforcement of its lawful orders, including authority to issue the writs and orders necessary or proper in aid of its jurisdiction. (b) **A court shall require that proceedings be conducted** with dignity **and in an orderly and expeditious manner and control the proceedings** so that justice is done.") (emphasis added).

Removal of individuals whose actions are disruptive to the proceedings is routinely shielded by judicial immunity. *See, e.g.,* **Sheppard v. Maxwell,** 384 U.S. 333, 358 (1966) ("[T]he courtroom and courthouse premises are subject to the control of the court."); **Cameron v. Seitz,** 38

F.3d 264, 271 (6th Cir.1994) ("[A]s part of the exercise of control over his courtroom, a judge may control the conduct of those who appear in the courtroom."); *see also Johnson v. Old*, No. 6:21-CV-00018, 2022 WL 18902450, at *3 (S.D. Tex. Aug. 18, 2022), *report and recommendation adopted*, No. 6:21-CV-00018, 2023 WL 2267204 (S.D. Tex. Feb. 27, 2023); *Tobias v. Price*, No. 3:06-cv-1361, 2009 WL 3681981, at *6.

### d. Qualified Immunity Is Not Relevant to this Appeal

Frymier's argument regarding qualified immunity [APPELLANT'S BRIEF, p. 17-18] is not before this Court, as no parties raised the issue in the district court and it was not the basis for dismissal of any claims.

## IIII.
## CONCLUSION

This Court should dismiss this appeal as frivolous and not disturb the judgment of the district court dismissing Frymier's lawsuit. Frymier has abandoned any available appellate issues, basing his appeal only on arguments not raised in the district court. As such, his appeal is frivolous.

    Respectfully submitted.

    KEN PAXTON
    Attorney General of Texas

    BRENT WEBSTER
    First Assistant Attorney General

    RALPH MOLINA

Deputy First Assistant Attorney General

AUSTIN KINGHORN
Deputy Attorney General for Civil Litigation

KIMBERLY GDULA
Chief, General Litigation Division

/s/ Scot M. Graydon
SCOT M. GRAYDON
Assistant Attorney General
Texas Bar No. 24002175
OFFICE OF THE ATTORNEY GENERAL
General Litigation Division
P.O. Box 12548, Capitol Station
Austin, Texas 78711-2548
(512) 475-1933 | FAX: (512) 320-0667
Scot.Graydon@oag.texas.gov

*COUNSEL FOR APPELLEE JUDGE DIANNE CURVEY AND THE STATE OF TEXAS*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing instrument has been served on March 13, 2025 to the following individual via electronic mail, certified mail, return receipt requested and regular mail:

Kevin Frymier            *Pro Se Plaintiff/Appellant*
17302 Brookhollow Mist Court
Houston, TX 77084

Via Certified Mail 9589 0710 5270 0480 2548 77

/s/ *Scot M. Graydon*
**SCOT M. GRAYDON**
Assistant Attorney General

# CERTIFICATE OF CONFERENCE

On March 13, 2025, the undersigned conferred by electronic mail with Kevin Frymier, *Pro Se Appellant*, and he is opposed to this motion.

/s/ Scot M. Graydon
**SCOT M. GRAYDON**
Assistant Attorney General

# CERTIFICATE OF COMPLIANCE

Pursuant to FED R. APP. P. 32(g)., the undersigned certifies this motion complies with the type-volume limitations of FED R. APP. P. 32(f).

1. Exclusive of the portions exempted by FED R. APP. P. 32(f), this brief contains 1795 words printed in a proportionally spaced typeface.

2. This brief is printed in a proportionally spaced, serif typeface using Georgia 14-point font in text and Georgia 12-point font in footnotes produced by Microsoft Word 2013 software.

3. Upon request, undersigned counsel will provide an electronic version of this brief and/or a copy of the word printout to the Court.

4. Undersigned counsel understands that a material misrepresentation in completing this certificate, or circumvention of the type-volume limits in 5TH CIR. R. 32.3, may result in the Court's striking this motion and imposing sanctions against the person who signed it.

/s/ Scot M. Graydon
**SCOT M. GRAYDON**
Assistant Attorney General