Cause No. 24-20455

# In the United States Court of Appeals for the Fifth Circuit

KEVIN FRYMIER, *Plaintiff-Appellant*

v.

DIANNE CURVEY, IN INDIVIDUAL CAPACITY, AND OFFICIAL CAPACITY AS JUDGE; THE STATE OF TEXAS
*Defendants-Appellees.*

On Appeal from the United States District Court for the Southern District of Texas, Houston Division, Cause No. 4:24-cv-1085

**REPLY BRIEF FOR
APPELLEES JUDGE DIANNE CURVEY'S AND THE STATE OF TEXAS'
MOTION TO DISMISS FRIVOLOUS APPEAL**

TO THE HONORABLE JUSTICES OF THE FIFTH COURT OF APPEALS:

Appellees Judge Dianne Curvey ("Judge Curvey") and the State of Texas respectfully show the Court the following reasons it should dismiss this appeal as frivolous.

## I.
## PROCEDURAL HISTORY

On March 3, 2025, Appellant Kevin Frymier ("Frymier") filed his Appellant's Brief. [APPELLANT'S BRIEF]. In his Brief, Frymier abandons review of all appealable issues and does not address any of the reasons for

dismissal.

On March 13, 2025, Judge Curvey and the State of Texas filed their Motion to Dismiss Frivolous Appeal, showing that Frymier had abandoned all appellate issues in this litigation by inadequately briefing any of the issues, rendering this appeal frivolous.

On March 14, 2025, Frymier filed his Response, and on March 17, 2025, moved to file a proposed Amended Response in which Frymier does not dispute the asserted reasons that the appeal is frivolous.

Even after his Responses, Frymier's brief abandoned all appellate issues, and the appeal should be dismissed as frivolous.

## II.
## STANDARD FOR FRIVOLOUS APPEAL

"An appeal is frivolous if the result is obvious or the arguments of error are wholly without merit." *Coghlan v. Starkey*, 852 F.2d 806, 811 (5th Cir. 1988). With respect to this case, "the appeal is frivolous" when a party "has abandoned the only appellate issue this court has jurisdiction to address." *Montgomery v. Office C/O Pearce*, 79 F.3d 1143 (5th Cir. 1996), citing *Howard v. King,* 707 F.2d 215, 220 (5th Cir.1983).

"An appellant abandons all issues not raised and argued in its initial brief on appeal… A party who inadequately briefs an issue is considered to

2

have abandoned the claim." *Cinel v. Connick*, 15 F.3d 1338, 1345 (5th Cir.1994).; *see also Yohey v. Collins,* 985 F.2d 222, 225 (5th Cir.1993).

## III.
## UNDISPUTED MATTERS

With respect to this Motion, even after Frymier's Responses, the following are undisputed:

**A.    Frymier Abandoned Review of Sovereign Immunity**

Although the district court dismissed Frymier's claims against the State of Texas and Judge Curvey in her official capacity specifically because of sovereign immunity (ROA 288, lines 6-10), Frymier's brief is wholly silent on this issue. [APPELLANT'S BRIEF].

In his Responses, Frymier does not identify any portion of his Brief where he raised the issue of sovereign immunity. [RESPONSES of March 13 and March 17]. Frymier's unadorned citation to two cases in his proposed Response [RESPONSE of March 17, p. 3] do not suggest that these cases were cited in his Brief or that sovereign immunity was in any way raised in his opening Brief.

Frymier cannot inject any new argument into his appeal in a Response or any other filing. *See Cinel*, 15 F.3d at 1345. "Arguments not raised by a party in its opening brief are deemed waived." *Texas v. United States Env't Prot. Agency*, 91 F.4th 280, 298 (5th Cir. 2024), quoting *Friends of Yosemite*

3

*Valley v. Kempthorne*, 520 F.3d 1024, 1033 (9th Cir. 2008); *see also United States v. Brown*, 261 F. App'x 810, 812–13 (5th Cir. 2008), citing *United States v. Jackson,* 426 F.3d 301, 304 n. 2 (5th Cir.2005) (holding that an issue was waived by not being raised in the opening brief).

**B.   Frymier Abandoned Review of Standing**

Frymier does not reference "Standing" in either of his Responses. [RESPONSES of March 13 and March 17].

Frymier does not dispute that he abandoned this issue.

**C.   Frymier Abandoned Review of Judicial Immunity**

Even after his Responses [RESPONSES of March 13 and March 17], Frymier does not dispute the following:

1. Frymier cannot raise his only argument regarding judicial immunity for the first time on appeal. *See Leverette v. Louisville Ladder Co.*, 183 F.3d 339, 342 (5th Cir.1999)

2. Frymier did not brief on this issue in the district court.

3. Frymier did not raise any waiver of exception to judicial immunity in the hearing in district court.

4. In the district court, at no point did Frymier suggest that Judge Curvey's actions were not judicial acts.

5. Frymier's failure to cite to the record in his Appellant's Brief to any

4

instance where he suggested to the district court that Judge Curvey's acts were not judicial (as opposed to ministerial or administrative) renders his argument inadequately briefed. *See United States v. Rojas*, 812 F.3d 382, 407 n.15 (5th Cir. 2016)

As a result, this issue is neither preserved for appellate review nor is it adequately briefed, rendering the issue abandoned and not reviewable.

## IV.
## CONCLUSION

This Court should dismiss this appeal as frivolous and not disturb the judgment of the district court dismissing Frymier's lawsuit. Frymier has abandoned any available appellate issues, basing his appeal only on arguments not raised in the district court. As such, his appeal is frivolous.

Respectfully submitted.

KEN PAXTON
Attorney General of Texas

BRENT WEBSTER
First Assistant Attorney General

RALPH MOLINA
Deputy First Assistant Attorney General

AUSTIN KINGHORN
Deputy Attorney General for Civil Litigation

KIMBERLY GDULA
Chief, General Litigation Division

>/s/ Scot M. Graydon
>SCOT M. GRAYDON
>Assistant Attorney General
>Texas Bar No. 24002175
>OFFICE OF THE ATTORNEY
>GENERAL
>General Litigation Division
>P.O. Box 12548, Capitol Station
>Austin, Texas 78711-2548
>(512) 475-1933 | FAX: (512) 320-0667
>Scot.Graydon@oag.texas.gov
>
>*COUNSEL FOR APPELLEE JUDGE DIANNE CURVEY AND THE STATE OF TEXAS*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing instrument has been served on March 21, 2025 to the following individual via electronic mail, certified mail, return receipt requested and regular mail:

Kevin Frymier                               *Pro Se Plaintiff/Appellant*
17302 Brookhollow Mist Court
Houston, TX 77084

Via Certified Mail 9589 0710 5270 0480 2532 90

>*/s/ Scot M. Graydon*
>**SCOT M. GRAYDON**
>Assistant Attorney General

## CERTIFICATE OF COMPLIANCE

Pursuant to FED R. APP. P. 32(g)., the undersigned certifies this motion complies with the type-volume limitations of FED R. APP. P. 32(f).

1. Exclusive of the portions exempted by FED R. APP. P. 32(f), this brief contains 770 words printed in a proportionally spaced typeface.

2. This brief is printed in a proportionally spaced, serif typeface using Georgia 14-point font in text and Georgia 12-point font in footnotes produced by Microsoft Word 2013 software.

3. Upon request, undersigned counsel will provide an electronic version of this brief and/or a copy of the word printout to the Court.

4. Undersigned counsel understands that a material misrepresentation in completing this certificate, or circumvention of the type-volume limits in 5TH CIR. R. 32.3, may result in the Court's striking this motion and imposing sanctions against the person who signed it.

/s/ Scot M. Graydon
**SCOT M. GRAYDON**
Assistant Attorney General