**Cause No. 24-20455**

_____

# In the United States Court of Appeals for the Fifth Circuit

_____

KEVIN FRYMIER, *Plaintiff-Appellant*

v.

DIANNE CURVEY, IN INDIVIDUAL CAPACITY, AND OFFICIAL
CAPACITY AS JUDGE; THE STATE OF TEXAS
*Defendants-Appellees.*

On Appeal from the United States District Court for the Southern District of
Texas, Houston Division, Cause No. 4:24-cv-1085

**BRIEF OF APPELLEES JUDGE DIANNE CURVEY AND THE STATE OF TEXAS**

KEN PAXTON
Attorney General of Texas
BRENT WEBSTER
First Assistant Attorney General
RALPH MOLINA
Deputy First Assistant Attorney
General
AUSTIN KINGHORN
Deputy Attorney General for Civil
Litigation
KIMBERLY GDULA
Chief - General Litigation Division

*/s/ Scot M. Graydon*
**SCOT M. GRAYDON**
Assistant Attorney General
Texas State Bar No. 24002175
OFFICE OF THE ATTORNEY
GENERAL
General Litigation Division
P.O. Box 12548, Capitol Station
Austin, Texas 78711-2548
(512)475-4031|Fax:(512)320-0667
Scot.Graydon@oag.texas.gov

**ATTORNEYS FOR JUDGE DIANNE CURVEY AND THE STATE OF TEXAS**

i

# CERTIFICATE OF INTERESTED PERSONS

The undersigned counsel of record certifies that the following listed persons have an interest in the outcome of this case. These representations are made in order that the judges of this Court may evaluate possible disqualifications or recusal.

1. Kevin Frymier, Pro Se Appellant/Plaintiff
   17302 Brookhollow Mist Court
   Houston, TX 77084
   281-797-8437
   Email: madkevin@yahoo.com

2. Judge Dianne Curvey
   The State of Texas Appellees/Defendants
   Scot M. Graydon
   Office of the Attorney General
   General Litigation Division
   P.O. Box 12548, Capitol Station
   Austin, TX 78711

s/ Scot Macdonald Graydon
**SCOT M. GRAYDON**
Assistant Attorney General

# STATEMENT REGARDING ORAL ARGUMENT

Judge Curvey submits that the legal arguments, issues on appeal, and statement of the record are adequately presented in the briefs of the parties and oral argument is unnecessary to aid the Court's decisional process. If, however, the Court requests oral argument, Judge Curvey will be prepared to present his arguments to the Court.

# TABLE OF CONTENTS

CERTIFICATE OF INTERESTED PERSONS ............................................. II

STATEMENT REGARDING ORAL ARGUMENT ..................................... III

TABLE OF CONTENTS ................................................................. IV

INDEX OF AUTHORITIES ............................................................ VI

JURISDICTIONAL STATEMENT ...................................................... IX

STATEMENT OF THE ISSUES (RESTATED) ........................................ IX

STATEMENT OF THE CASE .............................................................. 1

   I.   RELEVANT PROCEDURAL HISTORY ............................................. 1

   II.  STATEMENT OF RELEVANT FACTS ............................................. 2

SUMMARY OF THE ARGUMENT....................................................... 2

ARGUMENT................................................................................. 4

   I.   APPELLANT HAS ABANDONED OR WAIVED ANY REVIEW OF THE
       DISMISSAL OF HIS LAWSUIT ............................................... 4

     A.  Basis for Dismissal – Sovereign Immunity ...................................... 5

     B.  Basis for Dismissal – Standing ....................................................... 6

     C.  Basis for Dismissal – Judicial Immunity........................................... 6

   II.  THE DISTRICT COURT WAS CORRECT IN DISMISSAL OF THE
       CLAIMS AGAINST THE APPELLEES................................................. 7

     A.  Sovereign Immunity ..................................................................... 7

        1.  Entitlement to Sovereign Immunity............................................. 8

        2.  Claims are Barred By Sovereign Immunity ................................... 8

        3.  No Exception or Waiver of Immunity Applies.............................. 10

           a.  No Ongoing Constitutional Violation Alleged .......................... 10

           b.  No Prospective Equitable Relief Sought.................................... 11

           c.  No Damages are Available........................................................ 11

     B.  Frymier Lacks Standing against the State of Texas........................... 11

     C.  Judicial Immunity Bars Claims Against Judge Curvey ................... 12

     a.   Arguments Cannot be Raised for the First Time on Appeal ..... 14

     b.   Frymier's Argument is Legally Incorrect ................................... 16

   D.   Frymier's Other Issues are Not Relevant to this Appeal ................. 18

CONCLUSION ..................................................................................... 18

CERTIFICATE OF SERVICE ....................................................................... 20

CERTIFICATE OF COMPLIANCE ............................................................ 20

# INDEX OF AUTHORITIES

## Cases

*Anderson v. Valdez,*
  913 F.3d 472 (5th Cir. 2019) ................................................... 10

*AT&T Commc'ns v. Bellsouth Telecomms. Inc.,*
  238 F.3d 636 (5th Cir. 2001) ..................................................... 8

*Baldwin v. Univ. of Tex. Med. Branch at Galveston,*
  945 F.Supp. 1022 (S.D.Tex.1996) ............................................. 9

*Bogney v. Jones,*
  904 F.2d 272 (5th Cir.1990) ...................................................... 13

*Boyd v. Biggers,*
  31 F.3d 279 (5th Cir. 1994) ....................................................... 13

*Cameron v. Seitz,*
  38 F.3d 264 (6th Cir.1994) ........................................................17

*Canada Hockey LLC v. Texas A&M Univ. Athletic Dep't,*
  484 F.Supp.3d 448 (S.D. Tex. 2020) ......................................... 9

*Cinel v. Connick,*
  15 F.3d 1338 (5th Cir.1994) ............................................... 4, 7, 16

*City of Austin v. Paxton,*
  943 F.3d 993 (5th Cir. 2019) ..................................................... 8

*Cleveland v. Liberty Cnty. Sheriff's Dep't,*
  626 F. App'x 540 (5th Cir. 2015) .............................................. 7

*Diaz v. Cantu,*
  123 F.4th 736 (5th Cir. 2024) ................................................... 11

*Forbush v. J.C.Penney Co.,*
  98 F.3d 817 (5th Cir.1996) ........................................................ 14

*Fox v. Mississippi,*
  551 Fed. Appx. 772 (5th Cir.2014) (per curiam) ....................... 8

*Garcia v. City of Willis,*
  593 S.W.3d 201 (Tex. 2019) ..................................................... 10

*Hicks v. Bexar Cty.,*
  Tex., 973 F.Supp. 653 (W.D. Tex. 1997) .................................. 13

*Huminski v. Corsones,*
   396 F.3d 53 (2d Cir.2005) ........................................................17

*In re Goff,*
   812 F.2d 931 (5th Cir.1987) ...................................................... 14

*Johnson v. Old,*
   No. 6:21-CV-00018, 2022 WL 18902450 (S.D. Tex. Aug. 18, 2022).........17

*Johnson v. Old,*
   *report and recommendation adopted,* No. 6:21-CV-00018, 2023 WL
   2267204 (S.D. Tex. Feb. 27, 2023) ...........................................17

*Leverette v. Louisville Ladder Co.,*
   183 F.3d 339 (5th Cir.1999) .................................................7, 14

*Lujan v. Defenders of Wildlife,*
   504 U.S. 555 (1992) ............................................................... 12

*Lushute v. Louisiana,*
   479 Fed.Appx. 553 (5th Cir.2012) ..........................................4, 15

*McCarty v. Teal,*
   No. 1:22-CV-170-H, 2023 WL 6300565 (N.D. Tex. Sept. 27, 2023) .......... 9

*McKenzie v. E O G Res. Inc.,*
   340 F. App'x 985 (5th Cir. 2009) ............................................... 4

*McKinley v. Abbott,*
   643 F.3d 403 (5th Cir. 2011).................................................... 9

*Mireles v. Waco,*
   502 U.S. 9 (1991) ................................................................. 13

*Montgomery v. Office C/O Pearce,*
   79 F.3d 1143 (5th Cir. 1996).................................................... 4

*Pennhurst State Sch. & Hosp. v. Halderman,*
   465 U.S. 89 (1984)................................................................8

*PermiaCare v. L.R.H.,*
   600 S.W.3d 431 (Tex. App.—El Paso 2020, no pet.) .................. 9

Pierson v. Ray,
   386 U.S. 547 (1967) ............................................................. 13

*Sheppard v. Maxwell,*
   384 U.S. 333 (1966) ..............................................................17

*Soadjede v. Ashcroft,*

    324 F.3d 830 (5th Cir.2003) ............................................................5, 6, 16

*Stokes v. Emerson Elec. Co.*,
    217 F.3d 353 n. 19 (5th Cir.2000)............................................................ 7

*Tobias v. Price*,
    No. 3:06-cv-1361, 2009 WL 3681981 (N.D. Tex. Nov. 4, 2009) ......... 16, 17

*United States v. Rojas*,
    812 F.3d 382 n.15 (5th Cir. 2016) ............................................................ 4

*Veasey v. Perry*,
    29 F. Supp. 3d 896 (S.D. Tex. 2014)......................................................... 9

*Whitmore v. Arkansas*,
    495 U.S. 149 (1990) ............................................................................... 12

*Williams v. Lara*,
    52 S.W.3d 171 (Tex. 2001) .................................................................... 10

*XL Specialty Ins. Co. v. Kiewit Offshore Servs. Ltd.*, 513 F.3d 146 (5th
    Cir.2008) .......................................................................................6, 7, 14

*Yohey v. Collins*,
    985 F.2d 222, 225 (5th Cir.1993)....................................................passim

## Rules

42 U.S.C. § 1983 ............................................................................................ 1

5th Cir. R. 28.2.2 ............................................................................................ 4

Fed. R. App. P. 28(a)(7) ................................................................................. 4

Fed. R. App. P. 28(a)(9)(A) ........................................................................... 4

Tex. Gov't Code § 21.001(a)........................................................................17

Tex. Gov't Code § 21.001(b) ........................................................................17

Tex. Gov't Code § 24.457..............................................................................8

Tex. Gov't. Code § 24.112 (h)........................................................................2

Tex. R. Civ. P. 18c ........................................................................................2

# JURISDICTIONAL STATEMENT

A.    District Court's Jurisdiction

Jurisdiction in the District Court is predicated upon the federal question and civil rights provisions of 28 U.S.C. §§ 1331 and 1343.

B.    Court of Appeals' Jurisdiction

This Court has jurisdiction over this appeal pursuant to 29 U.S.C. § 1291 because the judgment below is a final judgment of the United States District Court.

C.    Timeliness of Appeal

The district court's final judgment was entered on September 17, 2024. ROA.266.  The notice of appeal followed on October 9, 2024.  ROA.275.

# STATEMENT OF THE ISSUES (RESTATED)

I.    Appellant has abandoned or waived any review of the dismissal of his lawsuit.

II.    The district court was correct in dismissing the claims against Judge Curvey.

III.    Appellant's other issues are not properly before the Court.

**STATEMENT OF THE CASE**

## I.    Relevant Procedural History

On March 25, 2024, Plaintiff Kevin Frymier filed an *Original Complaint*. ROA.7-22. After Judge Curvey and the State of Texas filed their motions to dismiss [ROA.61-68, 81-91], Frymier filed a First Amended Complaint to cure the defects identified.  ROA.92-104.  Judge Curvey and the State of Texas filed their first amended motions to dismiss, as Frymier's defects were not cured.  ROA.105-23.  Frymier filed a Second Amended Complaint alleging a violation of the First Amendment to the U.S. Constitution, pursuant to 42 U.S.C. § 1983 and a violation of the Texas Constitution.  ROA.238-45.  This was the live pleading.

Judge Curvey and the State of Texas filed their Second Amended Motions to Dismiss. ROA.246-65.

The district court judge held a hearing on the pending motions. ROA.235.  During the hearing, the judge articulated the reasons for dismissing the case: sovereign immunity, lack of standing with respect to the State of Texas, and judicial immunity.  ROA.288-89.  The judge entered a final judgment dismissing the case "for the reasons stated on the record." ROA 266.

## II. Statement of Relevant Facts

Judge Curvey is presiding over the 280th District Court of Harris County, Texas. ROA.238. The 280th District Court is designated as a domestic violence district court, and as such, must give preference to cases involving family violence and dating violence. TEX. GOV'T. CODE § 24.112 (h).

Kevin Frymier was present at a hearing in the 280th District Court. ROA.238. Frymier and his colleagues were involved in recording a hearing in the domestic violence court. ROA.288, 299. Recording is generally not allowed by law and has requirements for seeking permission in advance. *See* TEX. R. CIV. P. 18c. Frymier was asked to leave the courtroom because of the attempts to record the hearing, but he was allowed back in after he did not have his recording devices on. ROA.287. He now claims that his First Amendment right to access the courts were violated based on his interaction with the state court. ROA.240-42.

## SUMMARY OF THE ARGUMENT

The district court properly dismissed Frymier's lawsuit for the reasons specified by the district judge, namely sovereign immunity, judicial immunity, and Frymier's lack of standing. As stated in the Final Judgment, the district court dismissed the claims against the State of Texas and Judge Curvey for specific reasons identified in the hearing, based on application of the law to Frymier's live pleading. In his opening brief, Frymier makes no

reference to the district court's decision to dismiss his claims against the State of Texas and Judge Curvey in her official capacity based on sovereign immunity. Similarly, Frymier does not dispute the propriety of dismissing his claims against the State of Texas based on lack of standing. Finally, although he failed to raise his argument in the district court, Frymier presents an argument about judicial immunity for the first time on appeal. Failure to raise the argument in the district court waives appellate review of that argument. His failure to raise these issues in his opening brief or in the district court constitutes abandonment or waiver of those claims, and the dismissal should be affirmed.

Even if Frymier did not abandon or waive all issues on appeal related to dismissal of his claims, the district court was correct to dismiss the claims against Judge Curvey and the State of Texas. Claims against the State of Texas and Judge Curvey in her official capacity were properly dismissed because of sovereign immunity, pursuant to the Eleventh Amendment to the U.S. Constitution. Further, claims against Judge Curvey in her individual capacity are barred by judicial immunity.

Frymier's attempts to argue other issues not ruled on in the trial court, such as the merits of his case (which were not reached) are not properly before this Court and should not be considered in this appeal.

**ARGUMENT**

## I.  APPELLANT HAS ABANDONED OR WAIVED ANY REVIEW OF THE DISMISSAL OF HIS LAWSUIT

"An appellant abandons all issues not raised and argued in its initial brief on appeal.... A party who inadequately briefs an issue is considered to have abandoned the claim." *Cinel v. Connick*, 15 F.3d 1338, 1345 (5th Cir.1994); *see also Yohey v. Collins,* 985 F.2d 222, 225 (5th Cir.1993). "Although this court liberally construes *pro se* briefs, this court requires arguments to be briefed in order to be preserved." *Montgomery v. Office C/O Pearce*, 79 F.3d 1143 (5th Cir. 1996) (internal citations omitted). "The Federal Rules of Appellate Procedure require the parties to provide references to the page number of the record to support statements of fact" and "the argument to contain citations to the authorities on which the appellant relies." *McKenzie v. E O G Res. Inc.*, 340 F. App'x 985, 986 (5th Cir. 2009), citing FED. R. APP. P. 28(a)(7) and (a)(9)(A); 5th Cir. R. 28.2.2.

Frymier's [APPELLANT'S BRIEF] failure to cite to the record on any matter related to the district court's order makes his arguments inadequately briefed. *See United States v. Rojas*, 812 F.3d 382, 407 n.15 (5th Cir. 2016) (noting that a failure to include record citations to support an argument results in the argument being inadequately briefed); *see also Lushute v. Louisiana*, 479 Fed. Appx. 553, 555 (5th Cir.2012) (when appellant "did not

relate the legal discussion to the facts of this case or provide citations to the record to support her assertion of improper motivation...We need not consider inadequately briefed issues").  Further, Frymier's brief does not present any case law suggesting that the district court was incorrect in application of the law to his live pleadings.  [FRYMIER'S BRIEF].

## A.  Basis for Dismissal – Sovereign Immunity

If an appellant does not address the decision of the district court on an issue, that issue is abandoned.  *See Soadjede v. Ashcroft*, 324 F.3d 830, 833 (5th Cir.2003); *Yohey,* 985 F.2d at 225.  The district court dismissed Frymier's claims against the State of Texas and Judge Curvey in her official capacity specifically because they had sovereign immunity from Frymier's claims, pursuant to the Eleventh Amendment.  ROA 288, lines 6-10.); *Yohey,* 985 F.2d at 225.

Here, Frymier's brief is wholly silent on this issue.  [APPELLANT'S BRIEF].  Further, Frymier does not present any case law or cite to any portion of the record to suggest that **in this case**, the district court was incorrect in its application of the law to the facts presented in dismissing the case. [APPELLANT'S BRIEF].

Indeed, the phrases "sovereign immunity" and "eleventh amendment" do not appear in Frymier's brief at all.  [APPELLANT'S BRIEF].  Instead, Frymier

argues about qualified immunity, which was not the basis for dismissal of any defendant. [APPELLANT'S BRIEF, pp. 17-18]. This Court should affirm the decision below due to Frymier's failure to address the district court's dismissal based on sovereign immunity.

## B. Basis for Dismissal – Standing

Similarly, the district judge dismissed Frymier's claims against the State of Texas because of lack of standing as there was no injury traceable to the conduct of the State of Texas. [ROA 288, lines 1-5]. In his Appellant's Brief, Frymier only connects his alleged injury to the conduct of Judge Curvey, not the State of Texas. [APPELLANT'S BRIEF, pp. 19-20]. By failing to address standing for claims against the State of Texas, Frymier abandoned them on appeal. *See Soadjede*, 324 F.3d at 833; *Yohey,* 985 F.2d at 225.

## C. Basis for Dismissal – Judicial Immunity

The district court dismissed the claims against Judge Curvey based on judicial immunity. ROA 289, lines 11-16. As discussed below, Frymier did not present any argument in the district court on the topic of judicial immunity. By failing to raise the arguments in the district court, Frymier has waived appellate review of the issue. *See, e.g., XL Specialty Ins. Co. v. Kiewit Offshore Servs. Ltd.*, 513 F.3d 146, 153 (5th Cir.2008) ("An argument not raised before the district court cannot be asserted for the first time on

appeal." (citing *Stokes v. Emerson Elec. Co.*, 217 F.3d 353, 358 n. 19 (5th Cir.2000)); *Cleveland v. Liberty Cnty. Sheriff's Dep't*, 626 F. App'x 540, 542 (5th Cir. 2015) ("Generally, arguments raised for the first time on appeal are waived…").  Frymier cannot raise his new argument regarding judicial immunity for the first time on appeal.  *See Leverette v. Louisville Ladder Co.*, 183 F.3d 339, 342 (5th Cir.1999)

The appellate issues have been either abandoned or waived and dismissal of this lawsuit should be affirmed.  *See Cinel*, 15 F.3d at 1345; *Yohey,* 985 F.2d at 225; *XL Specialty Ins. Co.*, 513 F.3d at 153.

## II.    THE DISTRICT COURT WAS CORRECT IN DISMISSAL OF THE CLAIMS AGAINST THE APPELLEES

Even if Frymier did not abandon his claims as discussed *supra*, this Court should affirm the dismissal of the claims against the Appellees because the district court's decision was legally correct.

### A. Sovereign Immunity

The district court dismissed Frymier's claims against the State of Texas and Judge Curvey in her official capacity specifically because they had sovereign immunity from Frymier's claims, pursuant to the Eleventh Amendment.  ROA 288, lines 6-10.

The Eleventh Amendment deprives a federal court of jurisdiction to hear a suit against the State of Texas or its officials acting in their official

capacities, regardless of the relief sought, unless sovereign immunity is expressly waived. *Pennhurst State Sch. & Hosp. v. Halderman,* 465 U.S. 89, 121 (1984). "[U]nless the state has waived sovereign immunity or Congress has expressly abrogated it, the Eleventh Amendment bars the suit." *City of Austin v. Paxton*, 943 F.3d 993, 997 (5th Cir. 2019), citing *AT&T Commc'ns v. Bellsouth Telecomms. Inc.*, 238 F.3d 636, 644-45 (5th Cir. 2001).

## 1. Entitlement to Sovereign Immunity

Texas is a state and is entitled to sovereign immunity under the Eleventh Amendment.  Further, the 280th District Court of Harris County, Texas is a state entity created by statute.  *See* TEX. GOV'T CODE § 24.457.  As Presiding Judge of the 280th District Court, Judge Curvey is a state official. As a state official, Judge Curvey in her official capacity is entitled to Texas' sovereign immunity under the Eleventh Amendment.

## 2. Claims are Barred By Sovereign Immunity

Frymier's federal constitutional claims are barred by the Eleventh Amendment. *See, e.g., Fox v. Mississippi*, 551 Fed. Appx. 772, 774–75 (5th Cir.2014) (per curiam) (holding, inter alia, that Eleventh Amendment barred claims under §§ 1983 and 1985 against state, district that was agency of state, and individuals sued in their official capacities). "Congress did not abrogate the states' Eleventh Amendment immunity by enacting 42 U.S.C. §§ 1981,

1983, and 1985." *Baldwin v. Univ. of Tex. Med. Branch at Galveston*, 945 F.Supp. 1022, 1030 (S.D.Tex.1996).

This also precludes Frymier's claims based on the Texas Constitution. *See McKinley v. Abbott*, 643 F.3d 403, 406 (5th Cir. 2011) ("the Eleventh Amendment bars suit here, where Abbott is sued in his official capacity as Attorney General of the State of Texas for violations of the Texas Constitution"); *see also Canada Hockey LLC v. Texas A&M Univ. Athletic Dep't*, 484 F.Supp.3d 448, 458–59, (S.D. Tex. 2020) (finding claims under the Texas Constitution were barred by the Eleventh Amendment); *Veasey v. Perry*, 29 F. Supp. 3d 896, 908–09 (S.D. Tex. 2014) (same). The absence of alleged ongoing violations bars an *ultra vires* claim because "plaintiffs bringing *ultra vires* claims 'ha[ve] the burden of demonstrating ... that an injunction ... restraining future violations would be appropriate.'" *McCarty v. Teal*, No. 1:22-CV-170-H, 2023 WL 6300565, at *5 (N.D. Tex. Sept. 27, 2023), quoting *PermiaCare v. L.R.H.*, 600 S.W.3d 431, 444–45 (Tex. App.— El Paso 2020, no pet.) (concluding that a plaintiff who "properly pled that ... [o]fficials engaged in past violations of their ministerial duties" had nevertheless failed to properly plead an *ultra vires* claim).

### 3. No Exception or Waiver of Immunity Applies

Frymier suggests that his claims fall within exceptions to sovereign immunity, but they do not. Although in some circumstances prospective injunctive relief might be available for ongoing constitutional violations, it is not in this case.

### a. No Ongoing Constitutional Violation Alleged

Frymier does not allege any ongoing violations, only a single alleged violation occurring on January 22, 2024. ROA.238. Because of this, *the Ex parte Young* exception to sovereign immunity does not apply. *See Anderson v. Valdez*, 913 F.3d 472, 479 (5th Cir. 2019) (requiring an ongoing constitutional violation). Similarly, Frymier does not present a valid *ultra vires* claim to evade sovereign immunity for state law claims. *See Garcia v. City of Willis*, 593 S.W.3d 201, 207 (Tex. 2019) (*ultra vires* claims cannot address claims that "officials acted *ultra vires* in the past"). "'[A]ny prospective relief [a court] might grant cannot help' [Frymier] because he 'no longer face[s] the [purportedly] unconstitutional conduct about which [he] complain[s].'" *Id.*, quoting *Williams v. Lara*, 52 S.W.3d 171, 184–85 (Tex. 2001).

### b.  No Prospective Equitable Relief Sought

Further, Plaintiff does not seek prospective relief against Judge Curvey.   ROA.244, ¶¶ 27-30. Instead, Frymier seeks declaratory relief that Judge Curvey's alleged past acts are unconstitutional.  ROA.244, ¶¶ 27-28. Injunctive relief issued to "Texas law enforcement" or "every Texas State Court" [ROA.244, ¶¶ 29-30] are not related to any alleged ongoing Constitutional violation and are not prospective relief redressing any injury.

### c.  No Damages are Available

Even if Frymier pled a valid *ultra vires* claim (and he has not), claims for damages do not fall within the *ultra vires* or *Ex parte Young* exceptions to Texas' sovereign immunity, and that relief remains barred, pursuant to the Eleventh Amendment. *Diaz v. Cantu*, 123 F.4th 736, 744 (5th Cir. 2024)

Because the State of Texas and Judge Curvey in her official capacity are protected by sovereign immunity pursuant to the Eleventh Amendment, and because no valid waiver or exception applies, the district court was correct to dismiss those claims, and the dismissal should be affirmed.

## B.  Frymier Lacks Standing against the State of Texas

The district judge dismissed Frymier's claims against the State of Texas because of lack of standing as there was no injury traceable to the conduct of the State of Texas. [ROA 288, lines 1-5].   "[B]efore a federal court can

consider the merits of a legal claim, the person seeking to invoke jurisdiction must establish the requisite standing to sue." *Whitmore v. Arkansas*, 495 U.S. 149, 154-55 (1990). Standing requires plaintiffs to demonstrate they have suffered an "injury in fact," that is "fairly traceable" to the defendant's conduct, and that will "likely … be redressed by a favorable decision." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992).

Here, Frymier does not present any actual injury in fact to him that was allegedly caused by the State of Texas. ROA.238-245. Indeed, he identifies no action at all by the State of Texas. ROA.238-245. There is no injury fairly traceable to the conduct of the State of Texas. Consequently, there is no relief that would redress any injury. Moreover, as no relief is requested from the State of Texas, there is no likelihood that this Court could offer redress from the State of Texas.

Frymier lacks standing to bring claims against the State of Texas. The district court was correct to dismiss those claims, and the dismissal should be affirmed.

## C. Judicial Immunity Bars Claims Against Judge Curvey

The district court dismissed the claims against Judge Curvey based on judicial immunity. ROA.289, lines 11-16. "The federal civil rights laws do not provide a vehicle to attack state court judgments nor to sanction the

conduct of state court judges for actions taken within the scope of their judicial authority." *Hicks v. Bexar Cnty.*, Tex., 973 F.Supp. 653, 667-72 (W.D. Tex. 1997) (citing *Bogney v. Jones*, 904 F.2d 272, 274 (5th Cir. 1990)). Judges are immune from suit for damages resulting from any judicial act. *Mireles v. Waco*, 502 U.S. 9, 11–12 (1991). This immunity is so pervasive that it bars suit for claims far more significant than the allegations raised in this litigation, applying even when a judge is accused of acting maliciously and corruptly. *Pierson v. Ray*, 386 U.S. 547, 554 (1967). "The federal civil rights laws do not provide a vehicle to attack state court judgments nor to sanction the conduct of state court judges for actions taken within the scope of their judicial authority." *Bogney v. Jones*, 904 F.2d 272, 274 (5th Cir. 1990).

It is undisputed that Judge Curvey, a state court judge, is entitled to judicial immunity. Frymier admits that Judge Curvey is the Presiding Judge of the 280th Judicial District Court of Harris County, Texas. ROA.238, ¶ 1. Judge Curvey's judicial immunity can be overcome only by demonstrating that the conduct complained of was non-judicial or by showing that the conduct was "in the complete absence of all jurisdiction." *Boyd v. Biggers*, 31 F.3d 279, 284 (5th Cir. 1994). Frymier did not make either showing in the district court, and this Court should affirm the dismissal of his claims.

### a. Arguments Cannot be Raised for the First Time on Appeal

Here, for the first time on appeal, Frymier suggests that Judge Curvey's actions were administrative or ministerial, with no explanation as to how the district court should have reached those conclusions. [APPELLANT'S BRIEF, p. 16].

Frymier cannot raise his new argument regarding judicial immunity for the first time on appeal. "The Court will not allow a party to raise an issue for the first time on appeal merely because a party believes that he might prevail if given the opportunity to try a case again on a different theory." *Leverette*, 183 F.3d at 342 (quoting *Forbush v. J.C.Penney Co.*, 98 F.3d 817, 822 (5th Cir. 1996)); *see also In re Goff*, 812 F.2d 931, 933 (5th Cir.1987) (same). By failing to raise these arguments in the district court, Frymier has waived appellate review. *See XL Specialty Ins. Co*, 513 F.3d at 153; *Cleveland*, 626 F. App'x at 542.

Frymier did not present any briefing on this issue in the district court. During the hearing, Frymier complained only about Judge Curvey's alleged actions from the bench as potential violations of his Constitutional rights. *See* ROA 289, line 24 -ROA 290, line 9; ROA 290, line 24- ROA 291, line 23. At no point did he suggest that Judge Curvey's actions were not judicial acts. Moreover, Frymier's current suggestion that "[t]he court ignored plaintiff's

argument that Judge Curvey's actions fell outside judicial capacity" [APPELLANT'S BRIEF, p. 16] does not identify anywhere in the record that he made such an argument.  The citation he provides "Page 5, Line 14:" [APPELLANT'S BRIEF, p. 16] does not reference any argument of Frymier's on the subject.  Instead, it provides only the district judge attempting to explain why Frymier's claim is barred by judicial immunity: "Judge Curvey is a judge, and judicial immunity is quite religiously guarded in this State, as in most States. And you could understand why that is. If a party could sue a judge, every time there is a case tried, whoever lost would sue the judge. That's just not the way it can work."  ROA 289, lines 12 - 16.  Because Frymier did not raise any argument in the district court regarding the nature of Judge Curvey's judicial acts or suggesting that they were ministerial or administrative, he may not do so for the first time before this Court.

Further, Frymier's failure to cite to the record on the issue of whether Judge Curvey's acts were judicial (as opposed to ministerial or administrative) renders his argument inadequately briefed.  *See United States v. Rojas*, 812 F.3d at 407 n.15; *Lushute v. Louisiana*, 479 Fed. Appx. 553, 555 (5th Cir.2012) (when appellant "did not relate the legal discussion to the facts of this case or provide citations to the record to support her assertion of improper motivation...We need not consider inadequately

briefed issues"). This means the issue is abandoned. *See Cinel*, 15 F.3d at 1345. As discussed above, the ONLY citation to the record Frymier makes does NOT document any argument regarding the nature of Judge Curvey's actions during the state court hearing or suggesting that her actions were anything other than discretionary judicial acts. As with the immunities, Frymier's appellate brief does not address this deficiency, abandoning appellate review. *See Soadjede*, 324 F.3d at 833; *Yohey,* 985 F.2d at 225.

### b. Frymier's Argument is Legally Incorrect

Even if Frymier did not raise this issue for the first time on appeal (and he did), no citations to the record or to legal authority were presented to suggest an administrative or ministerial action by Judge Curvey. However, Judge Curvey DID brief to the district court that her actions to control court proceedings during a hearing were judicial acts for which she is immune. ROA 260-61.

Frymier's only complaints about Judge Curvey involve her exercise of judicial functions. ROA.238-45. "Judges act within their jurisdiction and are entitled to absolute immunity when they 'maintain the decorum and security of their courtrooms and the courthouses in which those courtrooms are located.'" *Tobias v. Price*, No. 3:06-cv-1361, 2009 WL 3681981, at *6 (N.D. Tex. Nov. 4, 2009) (4, 2009), citing *Huminski v. Corsones*, 396 F.3d

53, 77-78 (2d Cir. 2005)).).

As a matter of law, exercise of control over court proceedings and the manner in which those proceedings are conducted are functions within Judge Curvey's power. "**A court has all powers necessary for the exercise of its jurisdiction** and the enforcement of its lawful orders, including authority to issue the writs and orders necessary or proper in aid of its jurisdiction." TEX. GOV'T CODE § 21.001(a) (emphasis added). "**A court shall require that proceedings be conducted** with dignity **and in an orderly and expeditious manner and control the proceedings** so that justice is done.") TEX. GOV'T CODE § 21.001(b) (emphasis added).

Removal of individuals whose actions are disruptive to the proceedings is routinely shielded by judicial immunity. *See, e.g., Sheppard v. Maxwell*, 384 U.S. 333, 358 (1966) ("[T]he courtroom and courthouse premises are subject to the control of the court."); *Cameron v. Seitz*, 38 F.3d 264, 271 (6th Cir. 1994) ("[A]s part of the exercise of control over his courtroom, a judge may control the conduct of those who appear in the courtroom."); *see also Johnson v. Old*, No. 6:21-CV-00018, 2022 WL 18902450, at *3 (S.D. Tex. Aug. 18, 2022), *report and recommendation adopted*, No. 6:21-CV-00018, 2023 WL 2267204 (S.D. Tex. Feb. 27, 2023); *Tobias v. Price*, No. 3:06-cv-1361, 2009 WL 3681981, at *6.

Because Frymier's claims are barred by judicial immunity, the district court's decision to dismiss on this basis should be affirmed.

### D. Frymier's Other Issues are Not Relevant to this Appeal

The scope of this appeal is whether or not the district court properly dismissed Frymier's lawsuit based on standing, sovereign immunity, and judicial immunity. Frymier's attempts to argue other issues not ruled on in the trial court are not properly before this Court. This includes Frymier's argument about the merits of his claim or whether Frymier was entitled to file a fourth iteration of his Complaint despite not asking for leave to do so. [APPELLANT'S BRIEF, Issues 2 and 4]. Because these matters are not properly before this Court, they should not be considered in this appeal.

### CONCLUSION

Judge Dianne Curvey and the State of Texas urges this Court to affirm the dismissal of Frymier's claims for the reasons stated above. Frymier has abandoned or waived any appellate issues. Even if he did not abandon or waive the issues, the district court was correct in its application of the law to the live pleading, and in determining that dismissal was required. This Court should affirm that decision.

Respectfully Submitted,

KEN PAXTON
Attorney General of Texas

BRENT WEBSTER
First Assistant Attorney General

RALPH MOLINA
Deputy First Assistant Attorney General

AUSTIN KINGHORN
Deputy Attorney General for Civil Litigation

KIMBERLY GDULA
Chief, General Litigation Division

*/s/ Scot M. Graydon*
SCOT M. GRAYDON
Assistant Attorney General
Texas Bar No. 24002175
Southern ID No. 719112
OFFICE OF THE ATTORNEY GENERAL
P.O. Box 12548, Capitol Station
Austin, Texas 78711-2548
(512) 475-1933 / Fax (512) 320-0667
Scot.Graydon@oag.texas.gov

*ATTORNEYS FOR JUDGE DIANNE CURVEY AND THE STATE OF TEXAS*

# CERTIFICATE OF SERVICE

I certify that a copy of the above *Brief of Appellees Dianne Curvey and the State of Texas* was served on the 2nd day of April, 2025, on all parties who have entered an appearance, using the CM/ECF system and upon the following individual by Certified Mail, Return Receipt Requested and via regular mail:

Kevin Frymier                              *Pro Se Plaintiff*
17302 Brookhollow Mist Court
Houston, TX 77084
Via Certified Mail 9589 0710 5270 0480 2409 48

s/ Scot Macdonald Graydon
**SCOT M. GRAYDON**
Assistant Attorney General

# CERTIFICATE OF COMPLIANCE

Pursuant to 5TH CIR. R. 32.2.7(c), the undersigned certifies this brief complies with the type-volume limitations of FED R. APP. P. 32(a)(7).

1.    Exclusive of the portions exempted by 5TH CIR. R. 32.2, this brief contains 4,049 words printed in a proportionally spaced typeface.

2.    This brief is printed in a proportionally spaced, serif typeface using Georgia 14-point font in text and Georgia 12-point font in footnotes produced by Microsoft Word 2013 software.

3.    Upon request, undersigned counsel will provide an electronic version of this brief and/or a copy of the word printout to the Court.

4.    Undersigned counsel understands that a material misrepresentation in completing this certificate, or circumvention of the type-volume limits in 5TH CIR. R. 32.2, may result in the Court's striking this brief and imposing sanctions against the person who signed it.

s/ Scot Macdonald Graydon
**SCOT M. GRAYDON**
Assistant Attorney General