No. 24-20455

KEVIN FRYMIER, Plaintiff-Appellant

v.

DIANNE CURVEY, in her Individual and Official Capacity as Judge,

and the State of Texas, Defendants-Appellees

**PLAINTIFF-APPELLANT'S AMENDED RESPONSE**

I. INTRODUCTION

Appellees' motion to dismiss as frivolous mischaracterizes the claims and ignores the substantive constitutional violations raised in this appeal. The district court erred by dismissing this case with prejudice without conducting a full analysis of First Amendment and due process violations. This Court should deny the Motion to Dismiss and allow full briefing.

II. FRIVOLOUSNESS STANDARD AND COUNTERARGUMENTS

A legal claim or appeal is not frivolous if it presents arguable legal questions, is based on existing precedent, or seeks a reasonable extension of the law.

Neitzke v. Williams, 490 U.S. 319 (1989) states that an appeal is not frivolous unless it lacks any basis in law or fact.

Farguson v. MBank Houston, N.A., 808 F.2d 358 (5th Cir. 1986) establishes that even unsuccessful claims are not frivolous if they advocate for a reasonable extension or clarification of existing legal principles.

Coghlan v. Starkey, 852 F.2d 806 (5th Cir. 1988) confirms that an appeal cannot be deemed frivolous if it raises valid legal questions, even if ultimately unsuccessful.

Substantive Constitutional Violations Were Raised:

Richmond Newspapers, Inc. v. Virginia, 448 U.S. 555 (1980) held that improper courtroom closures violate the First and Fourteenth Amendments unless justified by a compelling state interest.

Appellant was improperly removed from the courtroom without justification, raising a serious constitutional question.

The structural error doctrine applies because the improper closure directly affects the fairness of judicial proceedings.

Procedural Due Process Violation:

Lance v. Dennis, 546 U.S. 459 (2006) states that courts acting outside their lawful authority are not protected by jurisdictional doctrines.

Axon Enterprises, Inc. v. FTC, 143 S. Ct. 890 (2023) establishes that procedural due process violations require federal court review.

III. APPELLANT DID NOT ABANDON ANY CLAIM

Appellees incorrectly assert that Appellant abandoned claims on appeal. However, all claims were properly raised and argued within the brief, and courts are required to construe pro se pleadings liberally.

Yohey v. Collins, 985 F.2d 222 (5th Cir. 1993) establishes that courts must interpret pro se filings liberally, meaning claims are not abandoned simply because they are phrased differently.

Haines v. Kerner, 404 U.S. 519 (1972) reaffirms that courts must ensure fairness to pro se litigants by construing their filings broadly rather than imposing technical abandonment rules.

Thus, Appellant has not abandoned any claim but has instead refined and expanded the legal arguments within this appeal.

IV. PROCEDURAL LOOPHOLES AND DUE PROCESS VIOLATIONS

Richmond Newspapers, Inc. v. Virginia, 448 U.S. 555 (1980) confirms that improper courtroom closures violate the First and Fourteenth Amendments, requiring compelling justification.

Stein v. Stein, 868 S.W.2d 902 (Tex.App.-Houston [14th Dist.] 1994) clarifies that an associate judge does not have the power to render final judgments unless agreed in writing.

Lance v. Dennis, 546 U.S. 459 (2006) states that courts acting outside their lawful authority are not protected by jurisdictional doctrines.

Axon Enterprises, Inc. v. FTC, 143 S. Ct. 890 (2023) establishes that procedural due process violations require federal court review.

V. FIRST AMENDMENT VIOLATION AS IRREPARABLE HARM

Elrod v. Burns, 427 U.S. 347 (1976) establishes that 'the loss of First Amendment freedoms, for even minimal periods of time, unquestionably constitutes irreparable injury.'

International Dairy Foods Ass'n v. Amestoy, 898 F. Supp. 246 (D. Vt. 1995) reiterates that any restriction of First Amendment rights, even temporarily, is presumed to cause irreparable harm.

VI. CHALLENGING JUDICIAL IMMUNITY

Mireles v. Waco, 502 U.S. 9 (1991) sets two exceptions where judges lose immunity:

  - Nonjudicial actions.
  - Actions taken in complete absence of jurisdiction.

Forrester v. White, 484 U.S. 219 (1988) establishes that judges do not have immunity for administrative actions.

VII. CHALLENGING SOVEREIGN IMMUNITY

Ex parte Young, 209 U.S. 123 (1908) holds that sovereign immunity does not apply to unconstitutional actions by state officials.

CPS Energy v. Electric Reliability Council of Texas, 671 S.W.3d 605 (Tex. 2023) confirms that state entities cannot unilaterally declare sovereign immunity without legislative approval.

VIII. CONCLUSION

For the foregoing reasons, Appellant respectfully requests that this Court:

1. Deny the Motion to Dismiss.
2. Proceed with full briefing.
3. Grant any further relief deemed just and proper.

Respectfully submitted,

/s/ Kevin Frymier

Pro Se Plaintiff-Appellant

17302 Brookhollow Mist Court
Houston, TX 77084
madkevin@yahoo.com
281-797-8437