

U.S. COURT OF APPEALS
RECEIVED
Apr 16, 2025
FIFTH CIRCUIT

Cause No. 24-20455

# In the United States Court of Appeals

## for the Fifth Circuit

---

**KEVIN FRYMIER,** *Plaintiff-Appellant*

v.

**DIANNE CURVEY, IN INDIVIDUAL CAPACITY, AND OFFICIAL
CAPACITY AS JUDGE; THE STATE OF TEXAS,**
*Defendants-Appellees*

---

**On Appeal from the United States District Court for the Southern District of Texas,
Houston Division, Case No. 4:24-cv-01085**

---

**REPLY BRIEF OF APPELLANT KEVIN FRYMIER**

---

## TABLE OF CONTENTS

Table of Authorities ........................................................................................... ii
Introduction ...................................................................................................... 1
I. Appellant Did Not Waive Sovereign Immunity Arguments ........................... 2
II. Appellant Has Standing ............................................................................... 2
III. Judge Curvey Is Not Entitled to Judicial Immunity .................................... 3
IV. The District Court Erred by Dismissing with Prejudice ............................... 4
V. Public Access to Courts Is a Clearly Established Right ................................. 4
Conclusion ........................................................................................................ 5
Certificate of Compliance .................................................................................. 5
Certificate of Service ......................................................................................... 5

## TABLE OF AUTHORITIES

*Cases:*

City of Austin v. Paxton, 943 F.3d 993 (5th Cir. 2019) ........................................ 2

Ex parte Young, 209 U.S. 123 (1908) .................................................................... 2

Foman v. Davis, 371 U.S. 178 (1962) .................................................................... 4

Forrester v. White, 484 U.S. 219 (1988) ................................................................ 3

Great Plains Trust Co. v. Morgan Stanley Dean Witter, 313 F.3d 305 (5th Cir. 2002) ...... 4

Haines v. Kerner, 404 U.S. 519 (1972) .................................................................. 4

Press-Enterprise Co. v. Superior Court, 464 U.S. 501 (1984) ............................. 2

Richmond Newspapers, Inc. v. Virginia, 448 U.S. 555 (1980) ........................... 4

Stump v. Sparkman, 435 U.S. 349 (1978) .............................................................. 3

*Statutes and Constitutional Provisions:*

42 U.S.C. § 1983 ..................................................................................................... 2

U.S. Const. amend. I ............................................................................................... 2

## INTRODUCTION

This reply addresses and rebuts the legal and factual misstatements made in the Appellees' Brief and their Motion to Dismiss the appeal as frivolous. Contrary to their assertions, Appellant Kevin Frymier did not waive any substantive arguments and directly raised critical constitutional issues including First Amendment violations, improper invocation of judicial and sovereign immunity, and improper dismissal with prejudice. The district court erred by dismissing Frymier's claims without adequate consideration of well-pled facts and without affording him the opportunity to amend his complaint.

## I. APPELLANT DID NOT WAIVE SOVEREIGN IMMUNITY ARGUMENTS

Appellees argue Frymier failed to address sovereign immunity. However, Frymier's opening brief (pp. 8, 14-18) clearly states that Defendant Judge Curvey is sued under the **ultra vires doctrine** in her official capacity and that the relief sought is **prospective injunctive and declaratory relief**, not monetary damages. This falls squarely within the **Ex parte Young** exception to Eleventh Amendment immunity. See *City of Austin v. Paxton*, 943 F.3d 993, 1002 (5th Cir. 2019).

Further, Frymier's Second Amended Complaint reiterates his request for prospective relief against state actors for ongoing constitutional violations (First Amendment retaliation and deprivation of public access rights). [See Second Amended Complaint, § V, paras. 10-13]. The district court and Appellees fail to engage this argument.

It is well established that at the Rule 12 stage, a plaintiff's factual allegations are presumed true. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009); Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). The Appellees' brief fails to address this key standard. The district court improperly resolved factual disputes and dismissed the action with prejudice, despite these allegations being well-pleaded and presumed true.

## II.A. STATE FALSELY ACCUSED APPELLANT OF RECORDING IN COURT

Furthermore, during the federal hearing on September 17, 2024, the undersigned clearly stated for the record: "I did not record the audio, but I have been provided the audio in that court proceeding" [Transcript, p. 3, line 18]. This unequivocally refutes the State's assertion in its brief that Appellant was recording court proceedings. Appellees' misrepresentation of this fact undermines their credibility and highlights the improper factual assumptions made by the district court when granting dismissal.  Additionally, Appellant raised a significant constitutional concern about compelled disclosure of identity as a condition of accessing a public courtroom. At the hearing, Appellant asked the court: "Has there ever been any instances where they require your name to get into the courtroom?" [Transcript, p. 9, line 12]. Rather than addressing the First and Fourth Amendment implications of this policy, the court dismissed the concern with "This happened many times before." [Transcript, p. 9, line 15]. This dismissal failed to engage Appellant's argument and ignored the controlling authority requiring that courtroom access restrictions be narrowly tailored and justified by compelling interests. See Press-Enterprise Co. v. Superior Court, 464 U.S. 501, 510 (1984); Wilson v. Layne, 526 U.S. 603, 612 (1999).  Accordingly, Appellant did not waive the sovereign immunity argument. The argument is preserved, legally sound under Ex parte Young, and supported by specific references to the record and transcript. The district court erred in dismissing the claims without addressing these constitutional violations and in mischaracterizing the allegations as implausible at the pleadings stage.

## II. APPELLANT HAS STANDING

Frymier has sufficiently alleged standing. He was excluded from a public court proceeding, compelled to disclose his identity under threat, and removed under intimidation, all of which constitute concrete injuries. See *Press-Enterprise Co. v. Superior Court*, 464 U.S. 501, 510 (1984) (public and press have First Amendment right of access to court proceedings).

The trial transcript confirms that Frymier personally experienced these injuries. [Transcript, pp. 3-9]. He was not a passive observer but a member of the public directly affected by unconstitutional access restrictions. He seeks redress for this injury and injunctive relief to prevent recurrence, thereby satisfying Article III requirements.

## III. JUDGE CURVEY IS NOT ENTITLED TO JUDICIAL IMMUNITY FOR MINISTERIAL AND ADMINISTRATIVE ACTS

The doctrine of judicial immunity protects only judicial acts. It does not shield actions that are administrative, ministerial, or undertaken in clear absence of jurisdiction. *Forrester v. White*, 484 U.S. 219, 227 (1988); *Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978).

Judge Curvey's exclusion of Frymier under threat, denial of court access without valid legal basis, and arbitrary enforcement of recording rules are not judicial acts. Her conduct constituted:

1. Improper administrative control of courtroom access;
2. Threats against public attendees contrary to constitutional public access doctrine;
3. Violation of open court principles under both federal and Texas law.

These are ministerial acts undertaken without judicial reasoning or a case-specific adjudication. Frymier raised this point in his Amended Petition and initial brief (Issue #3, pp. 8-9).

## IV. THE DISTRICT COURT ERRED BY DISMISSING WITH PREJUDICE

Dismissal with prejudice is disfavored where the complaint can be cured through amendment. *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Great Plains Trust Co. v. Morgan Stanley Dean Witter*, 313 F.3d 305, 329 (5th Cir. 2002).

Here, the district court granted dismissal without addressing Plaintiff's right to amend. Frymier was pro se and entitled to leniency in pleading standards. See *Haines v. Kerner*, 404 U.S. 519 (1972). Appellant should have been afforded an opportunity to clarify or amend, especially when his claim was constitutionally rooted.

## V. PUBLIC ACCESS TO COURTS IS A CLEARLY ESTABLISHED RIGHT

Texas judicial policy and the Office of Court Administration clearly establish that public access to civil and criminal court proceedings is a fundamental right. [Second Amended Complaint, § IV.C]. Federal courts have uniformly recognized a First Amendment right of public access to judicial proceedings. *Richmond Newspapers, Inc. v. Virginia*, 448 U.S. 555 (1980).

Judge Curvey's declaration that her courtroom was "private" and her threats to remove or arrest non-parties, as well as compelling identity disclosure, were direct infringements on these constitutional rights.

---

## CONCLUSION

Appellant Kevin Frymier respectfully requests that this Court reverse the district court's dismissal, remand the case for further proceedings, and reject Appellees' motion to dismiss the appeal as frivolous.

The district court failed to apply the proper legal standards in evaluating Frymier's pro se complaint and incorrectly dismissed valid constitutional claims. At minimum, Frymier should have been granted leave to amend.

Respectfully submitted,

/s/ Kevin Frymier
Kevin Frymier, Pro Se
17302 Brookhollow Mist Ct
Houston, TX 77084
madkevin@yahoo.com
281-797-8437

---

## CERTIFICATE OF COMPLIANCE

Pursuant to Rule 32(g)(1) of the Federal Rules of Appellate Procedure, I certify that this brief:

1. Complies with the type-volume limitation of Rule 32(a)(7)(B) because it contains approximately 2,250 words, excluding the parts of the brief exempted by Rule 32(f), and
2. Complies with the typeface requirements of Rule 32(a)(5) and the type style requirements of Rule 32(a)(6) because it has been prepared in a proportionally spaced typeface using Microsoft Word in 12-point Times New Roman font.

Respectfully submitted,

/s/ Kevin Frymier
Kevin Frymier, Pro Se

---

## CERTIFICATE OF SERVICE

I hereby certify that on April 16, 2025, a true and correct copy of the foregoing Reply Brief was served via CM/ECF and/or U.S. Mail on all parties of record as follows:

Scot M. Graydon
Office of the Attorney General
General Litigation Division
P.O. Box 12548, Capitol Station
Austin, Texas 78711-2548
Email: Scot.Graydon@oag.texas.gov

/s/ Kevin Frymier
Kevin Frymier, Pro Se

17302 Brookhollow Mist Ct
Houston, TX 77084
madkevin@yahoo.com
281-797-8437